(September 18, 1990)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CESAR REYES, Appellant.—Judgment, Supreme Court, Bronx County (Antonio I. Brandveen, J., at hearing, trial and sentence), rendered on or about June 23, 1987, convicting defendant of kidnapping in the first degree and sentencing him to an indeterminate term of imprisonment of from 15 years to life, unanimously affirmed.

The evidence at the suppression hearing showed that, at midnight on January 13, 1986, the complainant Morales was taken by "Manny" and an unidentified man to apartment 4-I

at 1296 Sheridan Avenue after a failed drug deal in which some Jamaicans, whom Morales had introduced to a group of Dominicans, had stolen one kilo of cocaine from the Dominicans. Approximately eight men were present in apartment 4-I when Morales, Manny and the other man arrived. Morales was taken to a bedroom where he was beaten with a wooden two by four and held, his hands and feet bound, for five or six hours. Morales was later, on the instructions of the knife-wielding defendant, whom Morales had seen a number of times before the night in question, taken to a downstairs apartment, 1-G, where he was again beaten and also questioned by defendant about the Jamaicans. Later, Morales was taken by cab to Topping Avenue, where he was shot in the head. After the January 15, 1986 execution of a search warrant, issued on the basis of information furnished by Morales with respect to both apartments, defendant was arrested in the fifth-floor hallway of 1296 Sheridan Avenue. That same day, defendant and three others who were also arrested were brought, individually, before a one-way mirror at the 44th Precinct. Morales, who was instructed to knock on the window twice if he recognized anyone, identified defendant and two of the three others. Before making his identifications, Morales had been told that all of the individuals arrested had been present in apartment 4-I.

Defendant argues that his out-of-court identification should have been suppressed because there was no probable cause for his arrest since the arresting officer did not have defendant's description at the time of his arrest. Defendant never raised this issue in his moving papers. Nor did he raise the issue until after all the parties had rested at the suppression hearing. Thus, defendant has failed to preserve the issue. We decline to exercise our interest of justice jurisdiction to reach the issue since the People's proof at trial showed that Morales, who had ample opportunity to observe defendant and the other perpetrators, had given the arresting officer a detailed description of defendant and two other assailants before defendant was arrested. Accordingly, the arresting officer did, in fact, have probable cause for the arrest. Defendant's argument that he was arrested merely because he was at the scene of the crime is belied by the record. (Cf., People v Lawrence, 145 AD2d 375, lv granted 73 NY2d 898.)

While it would have been preferable for the police officers not to have told Morales that he would be viewing men who were arrested at the scene of the crime, the fact is that although the People did serve defendant with a CPL 710.30

notice, identity was never an issue in this case. Morales had known defendant for some time prior to the incident and there never was a claim of misidentification. Thus, as the hearing court found, the showup identification was more a matter of recognition than identification. Moreover, upon consideration of the totality of circumstances, despite the station house situs of the showup *(see, People v Riley,* 70 NY2d 523), it cannot be said that the identification was so "unnecessarily suggestive and conducive to irreparable mistaken identification" as to deny defendant due process. *(People v Brnja,* 70 AD2d 17, 23, *affd* 50 NY2d 366.)* It should be noted that Morales only confirmed the identity of three of the four men who were arrested. Furthermore, as his testimony at the suppression hearing reveals, he had ample opportunity over a day and one half, during the commission of the crime, to observe defendant, whom he had met on about eight prior occasions. Accordingly, as the record demonstrates, and as the suppression court found, Morales had an independent basis for his identification testimony. *(See, People v Adams,* 53 NY2d 241, 252.)* Concur—Murphy, P. J., Sullivan, Ross, Asch and Smith, JJ.