■ In the Matter of TYRELL B., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order of the Family Court, New York County (Bruce M. Kaplan, J.), dated October 23, 1990, is unanimously modified, on the law and facts, without costs, solely to the extent of reversing paragraph (c) of said order, which denied the motion for a *Mapp/Dunaway* hearing and granting said motion, and otherwise affirmed, and the matter remanded to the Family Court for a hearing pursuant to CPL 710.20 and 710.60. Appeal from the final order of disposition of the Family Court, New York County (Bruce M. Kaplan, J.), dated January 25, 1991, which adjudicated respondent a juvenile delinquent and placed him with the Division for Youth for a period of 18 months, is held in abeyance, pending a decision from the Family Court upon such remand.

Respondent, a juvenile, was charged with the commission of acts, which if committed by an adult, would constitute various degrees of criminal possession of a controlled substance. The arresting officer stated in a deposition supporting the petition that respondent had been "in physical possession of a brown paper bag which contained fourteen vials of cocaine in crack form". Counsel for respondent moved, *inter alia,* for an order suppressing the use of any physical evidence or property taken from respondent, or, in the alternative, for a *Mapp* hearing.

In support of this motion, respondent's attorney stated in an affirmation, *inter alia:* "the V.F.D. [Voluntary Disclosure Form] indicates that the Presentment agency intends to offer physical evidence allegedly taken from this Respondent at a fact-finding hearing in this matter. Respondent asserts that the evidence allegedly taken from him were *[sic]* taken in

violation of the Fourth, Fifth and Fourteenth Amendments of the United States Constitution, Article I §§ 6 and 12 of the New York State Constitution, Family Court Act § 305.2, and applicable case law. Respondent was not engaged in any observable criminal activity at the time police seized and searched respondent. He was merely standing on a public through fare *[sic]* when the police seized respondent. All physical evidence in this matter is a direct product of the unlawful stop and the unlawful search."

The Family Court denied the respondent's request for a suppression hearing because the motion papers failed to conform to the requirements of CPL 710.60. We disagree and therefore reverse and remand for such a hearing.

Family Court Act § 330.2 (1) provides with respect to the suppression of evidence that: "A respondent in a juvenile delinquency proceeding may make a motion to suppress evidence in accordance with sections 710.20 and 710.60 of the criminal procedure law."

Subdivision (1) of section 710.60 states in relevant part that: "The motion papers must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated."

The petitioner-presentment agency contends that the provision does not allow "an attorney's affirmation to make factual allegations, which are not based upon personal knowledge, without use of the phrase 'upon information and belief' and without a statement by the attorney as to the source of the factual knowledge". While the affirmation failed to specifically state it was based "upon information and belief", there was substantial compliance with the provisions of the statute, which does not require the use of "boilerplate" phrases as mandatory incantations. Thus, counsel noted the source of her information to be the Voluntary Disclosure Form *(see, People v Huggins,* 162 AD2d 129, *appeal after remittitur* 171 AD2d 612, *lv denied* 78 NY2d 923). Further, counsel noted in her affirmation the facts surrounding the circumstances of the arrest which were "adequate to place in issue the lawfulness of the police conduct attendant upon the arrest" *(People v Miller,* 162 AD2d 248, 249, *lv dismissed* 76 NY2d 895, *appeal after remand* 172 AD2d 446, *lv denied* 78 NY2d 956). *People v*

*Holder* (149 AD2d 325, *lv denied* 74 NY2d 794), cited by petitioner is not to the contrary. In that case, defendant failed to meet his statutory burden. However, there, unlike the present proceeding, we found defendant failed to allege *"facts"* and simply made allegations which were "equivocal, vague and conclusory". *(Supra,* at 326; *see also, People v Covington,* 144 AD2d 238, *lv denied* 73 NY2d 890.)* Here, there were sufficient, specific factual allegations set forth with respect to respondent's conduct at the time of his arrest to comply with the requirements of the statute.

We note, finally, that the Family Court "[r]egardless of whether a hearing was conducted * * * must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination" (CPL 710.60 [6]). Concur—Sullivan, J. P., Wallach, Kupferman, Ross and Asch, JJ.