■ In the Matter of GILBERT O., a Person Alleged to be a Juvenile Delinquent, Appellant.—Appeal from the dispositional order of the Family Court (Leah Marks, J.), entered March 11, 1991, finding respondent guilty of acts which, if committed by an adult, would constitute the crime of criminal possession of a controlled substance in the third degree and placing respondent under the supervision of the Department of Probation for eighteen months is held in abeyance, without costs. The case is remanded to the Family Court for a *Mapp* hearing on the respondent's motion to suppress physical evidence seized from his person.

The affirmation of respondent's attorney in support of the motion stated the following:

"14. Respondent asserts that any physical evidence allegedly taken from him was taken in violation of the Fourth, Fifth and Fourteenth Admendments *[sic]* of the United States Con-

stitution, Article 1 § 6 and 12 at *[sic]* the New York State Constitution, Family Court Act § 305.2, and applicable case law.

"15. Based on information and belief, and conversations with my client, on the date and time in question, the Respondent was merely standing on the sidewalk.

"He was doing nothing which would have given rise to any reasonable suspicion of criminal or illegal activity.

"16. Despite the above, the Respondent was approached by police officers, stopped, arrested and subsequently unlawfully searched.

"17. It is respectfully submitted that no cause existed for the police to stop the respondent or thereafter search him.

"18. All physical evidence in this matter is a direct product of the unlawful stop, arrest and search and must be suppressed, or in the alternative a pretrial *Mapp/Dunaway* hearing must be held."

In response to this affirmation the Presentment Agency did not allege facts controverting those alleged by the respondent. Instead it attacked the affirmation as being conclusory. It stated as follows:

"The Presentment Agency submits that the sworn allegations of fact do not support the ground alleged for the following reasons:

"The Respondent, in his moving papers, states that he was 'merely standing on the sidewalk' 'on the date and time in question.' The Presentment Agency concedes that within the entire time in which the Respondent was under observation on October 4, 1990, there must have been a point in time when he was standing. However, there are no sworn allegations of fact in his moving papers as to how the Respondent was standing, where on the 'sidewalK' *[sic]* he was standing, with whom he was standing, nor what his purpose was in standing. The Presentment Agency submits that the statement is boilerplate, totally conclusory and fails to contain adequate sworn allegations of fact. In this way, the Court should summarily deny the motion."

The allegations contained in the respondent's affirmation are similar to those contained in similar motions in other causes and are sufficient to require a hearing *(see, Matter of Tyrell B.*, 177 AD2d 375, 376 [1991] [" 'Respondent was not engaged in any observable criminal activity at the time police seized and searched respondent. He was merely standing on a public through fare *[sic]* when the police seized

respondent.' "]; *People v Miller,* 162 AD2d 248, 249 [1990], *lv dismissed* 76 NY2d 895 [1990] [defendant "standing in a hallway" and not engaged in "overtly illegal conduct"]; *People v Huggins,* 162 AD2d 129 [1990] [defendant on 95th Street, having committed no crime and not engaged in suspicious behavior]).

The allegations were sufficient to warrant a hearing. This is particularly true where the People offered no affirmation or affidavit disputing the facts alleged. Moreover, if the supporting deposition of the arresting officer is used as an opposition to the motion, the contradictory factual assertions by respondent necessitate a hearing *(see,* CPL 710.60 [4]).

Accordingly, we remand for a hearing. Concur—Carro, J. P., Asch and Smith, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

The petition charged that the thirteen year-old appellant had committed acts which, if committed by an adult, would constitute the crimes of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree. Attached to the petition was a supporting deposition of the arresting officer, who alleged that at 2:30 P.M. on October 4, 1990 (a time when appellant should have been in school), he observed appellant "in possession of 10 vials of cocaine in crack form with the intent to sell the same". The sworn deposition also stated that the officer observed appellant "exchange something for United States Currency with two unapprehended buyers". The police officer went on to state that he recovered the 10 vials of crack cocaine from the appellant's pants pocket and vouchered the vials.

For this court to state that there was no allegation by the presentment agency to controvert the statement made by appellant's counsel that he was "merely standing on the sidewalk" is to ignore the very basis and essence of the proceeding.

Rather than there being any burden placed on the presentment agency at this point, there should have been placed on the appellant the burden of giving at least some explanation of what he was doing there, which could lead to the necessity of a hearing to determine which version of the facts was the true one.

The appellant did not even rely upon the song from Frank Loesser's "The Most Happy Fella" and claim that he was "Standing on the Corner (Watching All the Girls Go By)."

An article by Stephen J. Bogacz in New York Law Journal (Mar. 20, 1992, at 1, col 1), under the caption "OUTSIDE COUNSEL" and entitled "Juveniles in New York Under 'Miranda' Rule 25 Years Later", tells us that in 1992 "more than 12,000 juveniles in New York City will be arrested on felony charges."* If, in each case involving the sale of drugs, the respondents state that they were merely standing on the corner without the need for any other explanation, that will mean thousands of unnecessary *Mapp* hearings. Cross-examination at the trial itself could suffice *(cf., People v Chipp,* 75 NY2d 327, 338).

The present determination by this court is just another example of an undue burden being placed on the Family Court and the criminal justice system *(see, e.g., People v Rivera,* 144 AD2d 258, 261 [Kupferman, J., dissenting]; *People v Laster,* 140 AD2d 233, 234 [Kupferman, J., dissenting]).

---

* *See also,* Arrests of Youth 1990, OJJDP Update on Statistics (Juvenile Justice Bull of US Dept of Justice [Jan. 1992]).