■ In the Matter of HARRY J., a Person Alleged to be a Juvenile Delinquent, Appellant.—Order, Family Court, New York County (Bruce M. Kaplan, J.), entered February 14, 1992, which, after adjudicating appellant a juvenile delinquent, placed appellant in the custody of the Division for Youth, to be confined in a Title III secure facility for 18 months, reversed, without costs, in the exercise of discretion, only to the extent of remanding the matter for a continued dispositional hearing.

On June 26, 1991, a juvenile delinquency petition was filed which alleged that, while 15 years of age, appellant was charged with committing acts which, if committed by an adult, would constitute robbery in the third degree (Penal Law § 160.05), grand larceny in the fourth degree (Penal Law § 155.30 [5]), menacing (Penal Law § 120.15), resisting arrest (Penal Law § 205.30), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). These charges arose from a chain-snatching incident and appellant's attempt to resist arrest by striking a police officer with a boxcutter. When appellant failed to appear at the scheduled August 23, 1991 fact-finding hearing, a warrant was issued by the Family Court. While that warrant was outstanding, appellant was again arrested and charged with robbery in the second degree based upon a chain-snatching. As a result, on January 14, 1992, in Kings County Supreme Court (Carey, J.), appellant pleaded guilty and was placed on 5 years' probation. However, prior to that felony conviction, on December 19, 1991, appellant appeared in Family Court and pleaded guilty to the charge constituting grand larceny in the fourth degree. It is the dispositional hearing pursuant to that plea which is the basis of this appeal.

Appellant contends, *inter alia,* that in an off the record discussion the Family Court indicated that it intended to place appellant on probation. However, after the presentment agency presented its witness, appellant elected not to present any witnesses (ostensibly because of the court's alleged earlier representation). It was at this point that the court stated: "THE COURT: I want this on the record. When we had our off the record discussion, I had not the benefit of either of these documents [probation investigation report and the pre-sentencing report from Supreme Court]. And the remarks I made were made with only the awareness of what had happened in Supreme Court, and not the information contained herein. I want both of you to understand that, and—*because I don't want either of you to feel that there's been a breach of faith. I can only say that I had not been focused on a prior history, other than what happened in Supreme Court, and I just wanted to place that on the record prior to your making your closing remarks.*" (Emphasis supplied.)

Appellant's counsel then requested a continuance. She argued that her approach to the hearing had been based upon the understanding that the disposition would be probation, in accordance with the Supreme Court disposition. The court responded: "THE COURT: What I said with respect to the doctrine of the least restrictive alternative was that it would be indeed anomalous to have the Supreme Court with full knowledge of a particular fact—and that was the only fact I focused on—do what it intended—do what it did, and then have me do ought. But that is not in the context, true. However, I have not had the benefit of all of these documents, and I am not prepared to tell you in advance what I am going to do. But if you feel that for your client's potential safeguard you must make an application for a continuance, I'll hear that application in detail, and then I'll rule on it."

Appellant's counsel then argued that the reports had not been received 5 days prior to the hearing, as required by Family Court Act § 351.1 (5) (a). The presentment agency opposed the motion, arguing they both received the reports that morning, no request was made for a continuance, the hearing had proceeded, and appellant had elected not to present witnesses. Therefore, the presentment agency contended, there had been a full and fair opportunity to conduct appellant's case. The application was denied.

It is true that there is no express promise of probation on the record by the Family Court. However, the above-cited passages clearly indicate that upon review of reports subse-

quently presented to it, the court felt obliged to so advise counsel so as to avoid a feeling that there had been "a breach of faith." The court obviously believed it had at least given the impression that it would follow the Supreme Court and grant probation. In light of this and in the interest of justice, it was an abuse of discretion to deny appellant's application for a continuance. Accordingly, the matter is remanded to Family Court for a continued dispositional hearing.

We do not reach appellant's remaining contentions. Concur —Milonas, J. P., Ellerin, Ross and Smith, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

Once again we place an undue burden on the criminal justice system and the Family Court (see, Matter of Gilbert O., 183 AD2d 466, 468 [Kupferman, J., dissenting]).

There is no interest of justice involved here. The continuance would not have affected the outcome. The Family Court could not, in good conscience, do other than confine the appellant to a Title III secured facility. He had also previously been in a Title II facility and, within six months of his release, he was again arrested. He has an extensive criminal history, starting in 1988. He was in school for only thirteen days in the entire year of 1991. While a warrant was outstanding for his arrest for committing the crime now under consideration, he committed a second robbery. He seems to have an uncontrollable urge to snatch gold chains.

If a continuance were granted, it would only be to allow the Fortune Society to indicate why they thought they might make a difference in his behavior. It would take a substantial suspension of belief for the court to accept such contention.