■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL BONILLA, Appellant. [597 NYS2d 46] —Judgment, Supreme Court, Bronx County (George D. Covington, J.), rendered March 27, 1991, convicting defendant upon plea to attempted criminal sale of a controlled substance in the third degree and sentencing him as a second felony offender to 4 to 8 years' imprisonment, unanimously affirmed.

Defendant urges that the sentencing court erred in summarily denying his motions to suppress a crack vial and the buy money paid to him by an undercover officer, seized from his person immediately following his arrest for a street sale of contraband to the undercover. We disagree.

Ordinarily, a pre-trial hearing to determine the legality of a police search or seizure is required only if the defendant alleges facts that would require the suppression of evidence the police recovered from him *(see,* CPL 710.60 [1], [4]; *People v Acosta,* 150 AD2d 166, 167). Where a defendant fails to set forth sufficient factual allegations with respect to the police conduct he is challenging, then his motion can be denied without a hearing (CPL 710.60 [3] [b]; *People v Martinez,* 187 AD2d 310; *see also, People v Murray,* 172 AD2d 437, *appeal withdrawn* 79 NY2d 942; *People v Covington,* 144 AD2d 238, *lv denied* 73 NY2d 890).

Here the only "factual" allegation raised in defendant's motion papers was his attorney's statement that "Upon information and belief, [defendant] was merely present on a public street, not involved, in any sales of controlled substances."

Although arguably conclusory in character, and lacking any detail as to the reasons for defendant's presence at the *locus in quo,* an allegation of this kind might still raise a factual issue determinable only at a hearing *(Matter of Gilbert O.,* 183 AD2d 466; *Matter of Tyrell B.,* 177 AD2d 375; *People v Miller,* 162 AD2d 248, *lv dismissed* 76 NY2d 895). We need not confront the sufficiency issue here, however, because the allegation made "[u]pon information and belief" is facially insufficient. Allegations of fact in support of a suppression motion *"may be based* upon personal knowledge of the deponent or *upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated."* (CPL 710.60 [1]; emphasis added.)

Any reference to the source of the information and the grounds for the affirmant's belief is conspicuously missing. In *Matter of Tyrell B. (supra),* a juvenile proceeding in Family Court, counsel's affirmation in support of suppression, even though not made on personal knowledge, had omitted any reference whatever to "information and belief". Nonetheless, it appeared with sufficient clarity that counsel made reference to matters set forth in the prosecution's own voluntary disclosure form. No such ameliorative treatment is available on this record, especially when it is noted that the defect was not even cured in the papers defendant submitted on reargument. We decline to exercise our discretion in defendant's favor since we perceive no interest of justice to be served thereby.

In light of defendant's criminal record, and the fact that he committed the instant crime while on parole from another conviction for a similar drug offense, we cannot conclude that the sentence imposed was excessive. Concur—Sullivan, J. P., Wallach, Kupferman and Kassal, JJ.