OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed and the case remitted to that court with directions to remand to Supreme Court to delineate the reasons for its decision, and to hold the appeal in abeyance so it may then review the propriety of the reasons specified by Supreme Court on remand.
 

 Defendant was indicted for criminal sale and possession of a controlled substance and moved, on his attorney’s affirmation, to suppress a vial of crack cocaine and currency recovered after a search by police officers. The source of the affiant’s information and belief was stated to be court records and conversations with the prosecutor, and the affirmation additionally averred, "I have conferred with the defendant in an effort to obtain information necessary for the preparation of his defense.” As to the factual portion of the motion, the affirmation stated: "Upon information and belief, Mr. Bonilla was merely present on a public street, not involved [ ] in any sales of controlled substances.”
 

 The People opposed the motion, alleging facts indicating that defendant was arrested in a buy-and-bust operation. The People did not, however, challenge the sufficiency of defen
 
 *827
 
 dant’s factual allegations or claim there was a deficiency with respect to the source of the affiant’s information and belief. The motion court’s decision stated simply, "Defendant’s motion for a Mapp/Dunaway hearing is denied.” Defendant moved for reargument, the motion was denied, and defendant then pleaded guilty.
 

 On appeal, defendant argued that summary denial of the suppression motion was erroneous and the People, for the first time, questioned the sufficiency of defendant’s factual allegations. The Appellate Division declined to address the sufficiency question, instead holding that defendant’s motion papers were defective because the allegations made on information and belief were "facially insufficient” as the "source of the information and the grounds for the affirmant’s belief is conspicuously missing.” (193 AD2d 362, 363.) That argument had not previously been raised by the People.
 

 We reverse. As noted in
 
 People v Mendoza
 
 (82 NY2d 415, 430 [decided today]),
 

 "if neither the People nor the motion court identify a pleading deficiency, an appellate court should generally avoid using such a deficiency as a basis for denying the motion. The People can and often do waive pleading defects
 
 (see, People v Millan,
 
 69 NY2d, at 521;
 
 People v Taylor,
 
 97 AD2d 381, 381), and while such a waiver of course is not binding on the trial court, the Judge also might have, in the exercise of discretion, chosen not to invoke the defect in denying the motion. When an appellate court in the first instance identifies an inadequacy in defendant’s submission, it deprives the movant of the opportunity to seek leave to cure the defect, often a simple matter.”
 

 In these circumstances the Appellate Division erred in rejecting defendant’s motion papers on the ground that the source of the factual allegations was not made clear. That defect — if indeed there is one — is of a technical nature and could have been cured if the People or the motion court perceived a problem.
 

 Similarly, we do not address the sufficiency of defendant’s factual allegations because the People never challenged the motion on that basis before Supreme Court, and it is unclear whether the motion court’s decision is based on factual insufficiency. We note that the motion court’s decision denying the
 
 *828
 
 motion without explanation not only transgresses CPL 710.60 (6), which requires the court to set forth "the reasons for its determination,” but also effectively precludes informed appellate review.
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed and case remitted to the Appellate Division, First Department, for further proceedings in accordance with the memorandum herein.