■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JUAN AYARDE, Appellant. [632 NYS2d 174] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered June 8, 1994, convicting him of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the matter is remitted to the Supreme Court, Kings County, to hear and report on that branch of the defendant's motion which was to suppress physical evidence, and the appeal is held in abeyance in the interim. The Supreme Court, Kings County, is to file its report with all convenient speed.

Prior to trial, the defendant moved pursuant to CPL 710.20 and 710.60 to suppress all physical evidence, or, in the alternative, for a suppression hearing. In support of the suppression motion, the defense counsel submitted his affirmation upon information and belief, asserting that his knowledge of the facts was derived from official court papers, conferences with the defendant, and the defense counsel's preliminary investigation. The motion averred that the defendant was arrested without probable cause and that the physical evidence was obtained as a result of the unlawful arrest. The motion stated, *inter alia:* "This arrest was unlawful in that the arresting officer[s] did not observe the defendant commit a criminal act nor did they have any reasonably trustworthy information that the defendant had committed a criminal act. Specifically, the Defendant was inside of a grocery store at the above location when the store was raided by a number of police officers. The Defendant was arrested due to his mere presence at the above location".

The People opposed the motion, arguing that the defendant was arrested pursuant to probable cause, and alleging that the defendant was observed by Police Officer Robert Leake handing a bag of cocaine to an apprehended purchaser. The motion court denied the motion, stating only: "A *Dunaway-Mapp* hearing is denied", and giving no reason for the denial. This was error *(see, People v Bonilla,* 82 NY2d 825).

When denying a motion pursuant to CPL 710.60, the court must set forth its findings of fact, conclusions of law, and the reasons for its determination *(see,* CPL 710.60 [6]). Furthermore, the motion court may summarily deny the motion only if the motion papers do not allege a ground constituting a legal basis for the motion, or if the sworn allegations of fact are insufficient as a matter of law to support the alleged ground *(see,* CPL 710.60 [3]). Although the court's denial of the motion was devoid of articulated reasons, which would generally preclude informed appellate review *(see, People v Bonilla, supra,* at 827-828), it is clear from the motion papers here that the defendant alleged a sufficient legal basis and sufficient facts to entitle him to a suppression hearing *(see, People v Grajales,* 175 AD2d 293; *People v Miller,* 162 AD2d 248). Balletta, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.