■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL ADAMS, Appellant. [666 NYS2d 416] —Judgment, Supreme Court, New York County (Budd Goodman, J., on motions; Edward McLaughlin, J., at jury trial and sentence), rendered April 22, 1996, convicting defendant of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, unanimously affirmed.

The court's summary denial of defendant's motion to suppress physical evidence was proper since the allegations contained in his motion papers, even when considered in light of the felony complaint and the People's voluntary disclosure form, failed to establish that he had standing to contest the

seizure of the cigarette box (CPL 710.60 [1]; *People v Whitfield*, 81 NY2d 904; *see also, People v Lovejoy*, 197 AD2d 353, *lv denied* 82 NY2d 926).

Defendant's challenge to the court's failure to address the *Dunaway* claim raised in his motion to suppress identification evidence has not been preserved for appellate review since defendant did nothing to alert the court that it had overlooked one aspect of his motion (CPL 470.05 [2]), thereby acquiescing in the lack of a ruling, and we decline to review it in the interest of justice (*see, People v Reyes*, 165 AD2d 712, *lv denied* 77 NY2d 965).

The failure to provide an adequate record renders defendant's contention that he was denied his right to a speedy trial unreviewable (*People v Velez*, 223 AD2d 414, *lv denied* 88 NY2d 855; *see also, People v Lopez*, 228 AD2d 395, *lv denied* 88 NY2d 1022).

The court properly refused defendant's request for a circumstantial evidence charge since the evidence adduced at trial was both direct and circumstantial (*see, People v Daddona*, 81 NY2d 990).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Mazzarelli, Andrias and Colabella, JJ.