■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYRONE HARLEY, Appellant. [679 NYS2d 99] —Judgment, Supreme Court, New York County (Herbert Adlerberg, J., on motion; Renee White, J., at hearing, jury trial and sentence), rendered June 5, 1996, convicting defendant of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 4½ to 9 years, unanimously affirmed.

Defendant's challenge to the motion court's failure to address the *Dunaway* claim raised in his motion to suppress is unpreserved since defendant, by doing nothing to alert the motion court to the fact that it had overlooked one aspect of his motion, thereby acquiesced in the lack of a ruling (*see, People v Henriquez*, 246 AD2d 427, *lv denied* 91 NY2d 942; *People v Adams*, 246 AD2d 315), and we decline to review this claim in the interest of justice. When defendant belatedly asked the hearing court to rule on his *Dunaway* claim, the hearing court's response that it would only conduct the *Wade* hearing previously granted by the motion court did not foreclose defendant from seeking relief from the motion court.

The evidence adduced at the *Wade* hearing, along with the reasonable inferences to be drawn therefrom, established that the undercover officer made a confirmatory identification (*see, People v Grays*, 237 AD2d 303, *lv denied* 89 NY2d 1035).

The verdict was not against the weight of the evidence. We see no reason to disturb the jury's determinations of credibility and reliability of identification testimony.

Defendant was properly sentenced as a second felony offender (*see, People v Searvance*, 236 AD2d 306, *lv denied* 89 NY2d 1041). Concur—Sullivan, J. P., Nardelli, Mazzarelli, Andrias and Saxe, JJ.