■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BROWN, Appellant. [693 NYS2d 297] —Carpinello, J. Appeal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered January 21, 1998, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminally using drug paraphernalia in the second degree (two counts), criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree.

Defendant was indicted on various drug-related offenses and found guilty following a jury trial of one count each of criminal possession of a controlled substance in the first and third degrees, two counts of criminally using drug paraphernalia in the second degree, criminal sale of a controlled substance in the third degree and conspiracy in the fourth degree. The conspiracy charge stems from allegations that defendant agreed to sell, and did sell, heroin to Thomas Tucker, a police informant, at the latter's residence in the City of Ithaca, Tompkins County, on June 19, 1997. Before and during the alleged sale, police officers were stationed in Tucker's residence with his consent. During this time, they recorded telephone conversations between Tucker and defendant in which the two discussed Tucker's desire to purchase heroin and shortly thereafter they observed defendant enter Tucker's residence for the prearranged sale. Defendant was immediately placed under arrest inside the residence and minutes later 72 glassine envelopes of heroin diluted with procaine were found on a table. This evidence was seized and formed the basis of the criminal sale and possession of a controlled substance in the third degree charges. The remaining charges stem from a subsequent search of defendant's own residence during which the police seized, pursuant to a search warrant, 4.9 ounces of cocaine, procaine, glassine envelopes and a significant amount of cash.

Prior to trial, defendant moved to suppress the physical evidence seized from his residence on the ground that the police lacked probable cause for the search. Specifically, defendant alleged that there was insufficient information in the search warrant application to satisfy the two-prong *Aguilar-Spinelli* test (*Spinelli v United States*, 393 US 410; *Aguilar v Texas*,

378 US 108) and that no other evidence existed to establish probable cause. County Court summarily denied the motion.

Because County Court did not set forth its findings of fact and conclusions of law concerning its refusal to suppress the physical evidence seized from defendant's residence in accordance with CPL 710.60 (6) (see, People v Mendoza, 82 NY2d 415, 421-422), and in the absence of a hearing on the motion (compare, People v Curran, 229 AD2d 794, lv denied 89 NY2d 863; People v Morgan, 226 AD2d 398, 400, lv denied 88 NY2d 939), we are constrained to remit the matter to County Court for such findings (see, People v Bonilla, 82 NY2d 825, 827-828; People v Ayarde, 220 AD2d 519, 520). Because the suppression motion concerned only that evidence seized at defendant's residence, which then formed the basis of only three of the six crimes for which he was convicted, we affirm his convictions on the unaffected charges (criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree). Upon our review of the trial evidence, it was legally sufficient to support the jury's finding of guilt as to these charges (see, People v Rossey, 89 NY2d 970, 971-972). Moreover, none of the alleged errors committed by County Court requires a reversal of these convictions.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the decision is withheld with respect to defendant's convictions of the crimes of criminal possession of a controlled substance in the first degree and two counts of criminally using drug paraphernalia in the second degree, and matter remitted to the County Court of Tompkins County for findings of fact and conclusions of law regarding its denial of defendant's motion to suppress evidence seized at his residence. Ordered that the judgment is affirmed with respect to defendant's convictions of the crimes of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree.