■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RODNEY BROWN, Appellant. [700 NYS2d 545] —Carpinello, J. Ap-

peal from a judgment of the County Court of Tompkins County (Barrett, J.), rendered January 21, 1998, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the first degree, criminally using drug paraphernalia in the second degree (two counts), criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and conspiracy in the fourth degree.

When this case was previously before this Court, we withheld a decision with respect to defendant's convictions of the crimes of criminal possession of a controlled substance in the first degree and two counts of criminally using drug paraphernalia in the second degree and remitted the matter to County Court for written findings of fact and conclusions of law regarding that portion of defendant's omnibus motion seeking to suppress physical evidence seized from his residence on the ground that the police lacked probable cause (263 AD2d 613). Upon remittal, County Court rendered a decision finding that the facts set forth in the search warrant were adequate to establish the reliability of the police informant, as well as the basis of his knowledge for all information provided.

We agree with County Court's conclusion that the informant's reliability and the basis of his knowledge were sufficiently established in the warrant application (*see, Spinelli v United States*, 393 US 410; *Aguilar v Texas*, 378 US 108). The informant provided information based on his own personal knowledge, many of the details he supplied were then confirmed by police observation and he gave information against his own penal interest (*see, e.g., People v Johnson*, 66 NY2d 398, 403-404; *People v Rodriguez*, 52 NY2d 483, 489). In short, we reject defendant's contention that the warrant was unsupported by probable cause and that his motion to suppress should have been granted on this ground. To the extent that our prior decision does not address defendant's remaining contentions concerning his conviction on these remaining charges, we have reviewed such contentions and none warrants reversal.

Cardona, P. J., Mercure, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed.