## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered:  February 23, 2017          106445
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                        Respondent,

            v                                MEMORANDUM AND ORDER

TYSHEN MATTHEWS, Also Known as
    TYSHEEN MOORE, Also Known
    as NITTY,
                        Appellant.
_____

Calendar Date:  January 9, 2017

Before:  McCarthy, J.P., Egan Jr., Lynch, Clark and Mulvey, JJ.

_____

        Thomas F. Garner, Middleburgh, for appellant.

        Kathleen B. Hogan, District Attorney, Lake George (Emilee
B. Davenport of counsel), for respondent.

_____

Lynch, J.

        Appeal from a judgment of the County Court of Washington
County (McKeighan, J.), rendered January 3, 2014, upon a verdict
convicting defendant of the crimes of robbery in the first
degree, robbery in the second degree, burglary in the second
degree, petit larceny and endangering the welfare of a child.

        In June 2013, defendant was charged with robbery in the
first degree, robbery in the second degree, burglary in the
second degree, petit larceny, conspiracy in the fourth degree and
endangering the welfare of a child.  County Court dismissed the
charge of conspiracy in the fourth degree as jurisdictionally
defective and, following a jury trial, defendant was convicted of

the remaining charges.  Defendant was thereafter sentenced to an aggregate prison term of 20 years, followed by five years of postrelease supervision.  He now appeals.

Defendant argues that County Court failed to rule on that aspect of his omnibus motion seeking inspection of the grand jury minutes and dismissal of the indictment.  As the People concede, the record is devoid of a ruling upon the motion to inspect, as is required by CPL 210.30 (5).  Accordingly, we remit the matter to County Court for a ruling on the record with respect to this aspect of defendant's omnibus motion (see People v Blair, 121 AD3d 1570, 1571-1572 [2014]; People v Stewart, 111 AD3d 1395, 1396 [2013]; People v Jones, 103 AD3d 1215, 1217 [2013], lv dismissed 21 NY3d 944 [2013]).

There is also no indication in the record that County Court ruled on defendant's motion challenging the existence of probable cause to justify his warrantless arrest.  Although defendant did not raise this issue in his omnibus motion or prior to the conclusion of proof in the Wade/Huntley hearing, he did raise it in what appears to be defense counsel's written summation after the Wade/Huntley hearing.  The People opposed defendant's challenge to his warrantless arrest in their written summation, but County Court did not resolve the issue in its decision following the Wade/Huntley hearing, and there is no indication in the record that the court ruled on it at a later time.  Defendant directed County Court's attention to the absence of a ruling on his motion at a November 2013 pretrial conference and again at the start of trial, to which County Court mistakenly stated that the issue had been resolved in its decision on the Wade/Huntley hearing.  Inasmuch as the record does not reflect that County Court ruled on defendant's motion challenging his warrantless arrest, despite defendant's repeated attempts to alert County Court to the absent ruling (compare People v Bigelow, 68 AD3d 1127, 1128 [2009], lv denied 14 NY3d 797 [2010]; People v Harley, 253 AD2d 699, 699 [1998], lv denied 92 NY2d 1032 [1998]), the matter must also be remitted to County Court for it to set forth on the record or in a written decision its determination on such motion (see CPL 710.60 [6]; People v Mabeus, 47 AD3d 1073, 1074 [2008]; People v Brown, 263 AD2d 613, 614 [1999], lv denied 94 NY2d 877 [2000]).  Pending County Court's determinations upon

remittal, we withhold decision on the remaining issues raised by defendant.

McCarthy, J.P., Egan Jr., Clark and Mulvey, JJ., concur.

ORDERED that the decision is withheld, and matter remitted to the County Court of Washington County for further proceedings not inconsistent with this Court's decision.

ENTER:

Robert D. Mayberger
Clerk of the Court