People v Youngs (2019 NY Slip Op 01262)





People v Youngs


2019 NY Slip Op 01262


Decided on February 21, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 21, 2019

108096

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
JOSEPH S. YOUNGS, Appellant.

Calendar Date: January 15, 2019

Before: Egan Jr., J.P., Lynch, Devine, Rumsey and Pritzker, JJ.


John A. Cirando, Syracuse, for appellant.
William G. Gabor, District Attorney, Wampsville (J. Scott Porter of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a judgment of the County Court of Madison County (McDermott, J.), rendered June 4, 2015, upon a verdict convicting defendant of the crimes of predatory sexual assault against a child, criminal sexual act in the first degree, sexual abuse in the first degree and endangering the welfare of a child (two counts).
In January 2014, defendant was charged with predatory sexual assault against a child, criminal sexual act in the first degree, sexual abuse in the first degree, promoting a sexual performance by a child, possessing a sexual performance by a child and two counts of endangering the welfare of a child. On the first day of trial, the People withdrew the charges of promoting a sexual performance by a child and possessing a sexual performance by a child and, following a jury trial, defendant was convicted of the remaining charges. Defendant was thereafter sentenced, as a second felony offender, to an aggregate prison term of 41 years for his convictions of predatory sexual assault against a child, criminal sexual act in the first degree, sexual abuse in the first degree and endangering the welfare of a child (one count), with periods of postrelease supervision. He was also sentenced to a concurrent prison term for the second endangering conviction. Defendant appeals.
Defendant argues that County Court failed to rule on his motion to suppress oral and written statements that he made to law enforcement officers and, therefore, the appeal should be [*2]held in abeyance and the matter remitted to County Court for a ruling on the motion. The People agree. On the first day of trial, defendant directed County Court's attention to the absence of a ruling on his suppression motion, to which the court replied that it had ruled on the admissibility of his statements at the Huntley hearing. However, although County Court conducted a Huntley hearing, the record does not reflect that it issued a decision on the motion or in any manner "set forth on the record its findings of fact, conclusions of law and the reasons for its determination" (CPL 710.60 [6]). A "decision denying [a suppression] motion without explanation not only transgresses CPL 710.60 (6), which requires the court to set forth 'the reasons for its determination,' but also effectively precludes informed appellate review" (People v Bonilla, 82 NY2d 825, 828 [1993]). For that reason, we must remit the matter to County Court for it to set forth on the record or in a written decision its determination on the suppression motion in accordance with CPL 710.60 (6) (see People v Matthews, 147 AD3d 1206, 1207-1208 [2017]).
Egan Jr., J.P., Lynch, Devine and Pritzker, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the County Court of Madison County for further proceedings not inconsistent with this Court's decision.