People v Harris (2019 NY Slip Op 06795)





People v Harris


2019 NY Slip Op 06795


Decided on September 25, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 25, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
BETSY BARROS, JJ.


2017-05563
 (Ind. No. 1243/16)

[*1]The People of the State of New York, respondent,
v
Shymeek Harris, appellant.


Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.
John M. Ryan, Acting District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Roni C. Piplani, and Michelle M. Yong of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Ronald D. Hollie, J.), rendered April 19, 2017, convicting him of criminal possession of a forged instrument in the second degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials.
ORDERED that the matter is remitted to the Supreme Court, Queens County, for a new determination of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials in accordance herewith, and thereafter a report to this Court advising of the new determination, and the appeal is held in abeyance in the interim. The Supreme Court shall file its report with all convenient speed.
The defendant was charged with seven counts of criminal possession of a forged instrument in the second degree and two counts of criminal possession of stolen property in the fourth degree. In an omnibus motion, the defendant moved, inter alia, to suppress (1) a credit card allegedly recovered from the center console of a certain motor vehicle (hereinafter the subject motor vehicle), (2) a group of credit cards allegedly recovered from the defendant's person, and (3) a statement the defendant allegedly made to law enforcement officials.
The Supreme Court conducted a suppression hearing over the course of five different days between October 3, 2016, and October 28, 2016. At the hearing, the People presented the testimony of the law enforcement officials who recovered the physical evidence and recorded the defendant's statement. After the People rested, the defendant called three witnesses to testify at the hearing. The defendant first presented the testimony of an individual who was present when the physical evidence was recovered. The defendant also presented the testimony of two individuals who worked as paralegals in the office of the Queens County District Attorney.
After the hearing, the Supreme Court denied those branches of the defendant's omnibus motion which were to suppress physical evidence and his statement to law enforcement officials. The court's decision and order did not make any credibility determinations or factual findings. Nor did the court set forth any conclusions of law or state the reasons for its determination.
The defendant subsequently pleaded guilty to one count of criminal possession of a forged instrument in the second degree. The defendant purportedly waived his right to appeal after he had allocuted to the facts of the crime. The defendant was later sentenced, in accordance with the plea agreement, to four years of probation.
On appeal, the defendant contends that the Supreme Court should have granted those branches of his omnibus motion which were to suppress physical evidence and his statement to law enforcement officials. The defendant argues that the People's witnesses at the suppression hearing were not credible, as their testimony was contrived, contradictory, vague, and incomplete.
The People respond that the defendant's argument is precluded by his waiver of the right to appeal. The People further contend that the defendant failed to establish his standing to challenge the search of the subject motor vehicle and that, in any event, their witnesses' testimony should be credited.
The defendant's purported waiver of his right to appeal was invalid (see People v Bradshaw, 18 NY3d 257, 264; People v Batista, 167 AD3d 69, 76; People v Brown, 122 AD3d 133, 137). When the Supreme Court attempted to explain to the defendant the waiver of the right to appeal, it improperly conflated the right to appeal with rights automatically forfeited by a plea of guilty (see People v Ortiz, 167 AD3d 658, 659; People v Dunn, 167 AD3d 651, 652; People v Ortizcora, 163 AD3d 1001, 1002; People v Resnick, 159 AD3d 724, 724; People v Diaz, 146 AD3d 803; People v Wells, 135 AD3d 976, 976; People v Bond, 109 AD3d 481, 481). As such, the record does not demonstrate that the defendant understood the nature of the right he was being asked to waive or the distinction between the right to appeal and the other trial rights which are forfeited incident to a plea of guilty (see People v Medina, 161 AD3d 778, 779; People v Black, 144 AD3d 935, 935-936; People v Burnett-Hicks, 133 AD3d 773, 774; cf. People v Sanders, 25 NY3d 337, 341; see generally People v Lopez, 6 NY3d 248, 256-257). Moreover, although the record of the proceedings reflects that the defendant executed a written waiver of his right to appeal, the court did not ascertain on the record whether the defendant had read the waiver or discussed it with defense counsel (see People v Ortiz, 167 AD3d at 659; People v Iovino, 142 AD3d 561, 561-562; People v Brown, 122 AD3d at 145). Under the circumstances here, we conclude that the defendant did not knowingly, voluntarily, and intelligently waive his right to appeal (see generally People v Bradshaw, 18 NY3d at 264-267; People v Ramos, 7 NY3d 737, 738; People v Lopez, 6 NY3d at 255).
Although the defendant's waiver of his right to appeal is invalid, this Court is nevertheless unable to conduct an informed appellate review. "[T]he CPL article 710 suppression procedure involves an adjudication based on mixed questions of law and fact" (People v Evans, 94 NY2d 499, 505). "The suppression court must make findings of fact, often requiring it to assess the credibility of witnesses" (id. at 505). "Regardless of whether a hearing was conducted, the court, upon determining [an article 710] motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination" (CPL 710.60[6]; see People v Evans, 94 NY2d at 505).
Here, the Supreme Court failed to "set forth on the record its findings of fact, its conclusions of law [or] the reasons for its determination" (CPL 710.60[6]). The court's decision and order denying suppression of physical evidence and the defendant's statements to law enforcement officials without explanation transgresses CPL 710.60(6) and "effectively precludes informed appellate review" (People v Bonilla, 82 NY2d 825, 828; see People v Youngs, 169 AD3d 1155, 1156; People v Marion, 276 AD2d 644, 644-645).
For that reason, we must remit the matter to the Supreme Court, Queens County, for it to set forth its findings of fact, conclusions of law, and the reasons for its determination, addressing all issues raised on the motion, including the issue of standing and the merits of the defendant's arguments (see People v Matthews, 147 AD3d 1206, 1207-1208). We hold the appeal in abeyance in the interim.
BALKIN, J.P., COHEN, MILLER and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court