People v Yeomas (2021 NY Slip Op 07376)





People v Yeomas


2021 NY Slip Op 07376


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


883 KA 18-02070

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTUAN YEOMAS, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO, HODGSON RUSS LLP (PETER A. SAHASRABUDHE OF COUNSEL), FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered May 2, 2018. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). Defendant contends that Supreme Court erred in denying that part of his omnibus motion seeking suppression of statements that he made to law enforcement. Following the suppression hearing, the court indicated that it would be denying defendant's motion to that extent, but reserved on issuing its "findings of fact, its conclusions of law and the reasons for its determination" (CPL 710.60 [6]). Defendant subsequently agreed prior to pleading guilty that he wished to forgo the court issuing those findings of fact and conclusions of law. We note that a denial of a suppression motion "without explanation," regardless of whether that determination is rendered with or without the benefit of a hearing, "not only transgresses CPL 710.60 (6), . . . but also effectively precludes informed appellate review" (People v Bonilla , 82 NY2d 825, 827-828 [1993]). Indeed, under these circumstances, we cannot address defendant's suppression contention on this record. Inasmuch as defendant expressly waived the issuance of the statutorily required findings of fact and conclusions of law prior to pleading guilty, we conclude that defendant waived "the making of a record and, in consequence, foreclosed the possibility of appellate review of his challenge to the [suppression ruling]" (People v Fernandez , 67 NY2d 686, 688 [1986]). In light of our conclusion, defendant's remaining
contention is academic.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court