■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONG SHIN, Appellant. [597 NYS2d 99] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered February 19, 1992, convicting him of criminal possession of a weapon in the third degree, after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

There is no merit to the defendant's contention that the court should have suppressed physical evidence seized from his car. Where the police observed the defendant's vehicle speed away from an intersection and begin to drag race with another vehicle, the stop of the defendant's vehicle was valid (see, People v Ellis, 62 NY2d 393). Once the officer observed

bullets in the back seat of the car, he had probable cause to believe a gun was inside the car, and thus the search of the passenger compartment and the glove compartment was proper *(see, People v Davis,* 182 AD2d 770).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt.

We find the sentence imposed by the trial court to be fully supported by the record *(see, People v Suitte,* 90 AD2d 80). Mangano, P. J., Bracken, Sullivan and Lawrence, JJ., concur.