■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK WILMOT, Appellant. [614 NYS2d 256] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered January 7, 1993, convicting him of criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Santagata, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and statements made by him to the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police had reasonable cause to stop the car in which he was a passenger, after witnessing several violations of the Vehicle and Traffic Law *(see, People v Erwin,* 42 NY2d 1064; *cf., People v Ingle,* 36 NY2d 413). There is nothing in the record to indicate that the officers' motivation for stopping the car was anything other than the observed traffic infractions *(cf., People v Mezon,* 140 AD2d 634; *People v Llopis,* 125 AD2d 416; *People v Sobotker,* 43 NY2d 559).

Furthermore, the hearing court properly denied suppression of the gun, located in plain view in the car. At the hearing, Police Officer Gally asserted that he did not lean into the car and that he saw the gun in plain view from his vantage point outside the car. The hearing court's finding that this testimony was credible should not be disturbed (see, People v Prochilo, 41 NY2d 759). It is well settled that resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the trier-of-fact jury which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the hearing court's findings were not against the weight of the evidence (CPL 470.15 [5]).

The defendant's remaining contention is without merit (see, People v Hester, 161 AD2d 665; People v Smith, 151 AD2d 792; People v Hylton, 198 AD2d 301). Balletta, J. P., Copertino, Friedmann and Goldstein, JJ., concur.