■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JUAN PENA, GUILLERMO MORO and ROBERTO COLON, Respondents. [662 NYS2d 82] —Appeal by the People from (1) so much of an order of the Supreme Court, Queens County (Rotker, J.), dated June 12, 1996, as granted those branches of the omnibus motions of the defendants Pena, Moro, and Colon, which were to suppress physical evidence, and (2) an order of the same court dated June 17, 1996, which granted that branch of the omnibus motion of the defendant Colon which was to suppress his statement to law enforcement officials.

Ordered that the order dated June 12, 1996, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated June 17, 1996, is affirmed.

The police officers properly stopped the defendants in their vehicle to inquire, based upon the complainant's words and conduct indicating that the defendants had attempted to pull or call him over, and based upon a police officer's knowledge of a city-wide pattern of robberies in which civilians had used cars such as that of the defendants, resembling unmarked police vehicles, to pull people over and rob them (*see, People v De Bour,* 40 NY2d 210, 223).

However, the hearing court determined that the officers' testimony that the complainant told a backup officer that he had been the victim of an attempted armed robbery—the predicate for all police action following the initial stop—was not credible. It is well settled that the "resolution of issues of credibility are primarily for the hearing court, which had the advantage of seeing and hearing the witnesses, and its determination should be accorded weight on appeal, and should not be set aside unless clearly unsupported by the record" (*People v Lam,* 226 AD2d 554; *People v Prochilo,* 41 NY2d 759, 761).

The Supreme Court's finding of lack of credibility on the part of the officers was supported by the record. Thus, while the initial stop was justified, once the computer check on the license of the driver and the registration of the vehicle revealed nothing untoward, "the initial justification for seizing

and detaining [the defendants] was exhausted" and the gun seized in the search of the defendants' vehicle, as well as the defendant Roberto Colon's statement made to the police, were properly suppressed (*see, People v Banks,* 85 NY2d 558, 562, *cert denied* 516 US 868; *People v Milaski,* 62 NY2d 147, 156; *cf., People v Safoschnik,* 238 AD2d 448; *see also, Wong Sun v United States,* 371 US 471; *People v Cox,* 61 NY2d 1020). Copertino, J. P., Thompson, Friedmann and Florio, JJ., concur.