■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOVANNY BERROA, Appellant. [686 NYS2d 787] —Appeal by the defendant from a *judgment* of the Supreme Court, Queens County (O'Dwyer, J.), rendered June 9, 1993, convicting him of criminal possession of a weapon in the third degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence seized by the police.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court properly denied suppression of the physical evidence seized by the police. The evidence presented at the *Mapp* hearing demonstrated that the police officers' request for information from the defendant was supported by an objective, credible reason (*see, People v Hollman,* 79 NY2d 181; *People v De Bour,* 40 NY2d 210; *People v Harris,* 151 AD2d 777). The court's determination to give full credence to a police officer's testimony that he saw an ammunition case when the defendant opened the glove compartment of his vehicle in response to the officer's request for his driver's license, registration, and insurance card is supported by the record and should not be disturbed (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Middleton,* 180 AD2d 761, 762; *People v Gonzalez,* 179 AD2d 775). Upon observation of the ammunition case, the police had probable cause to believe that the case contained bullets and that there was a gun in the car, thereby justifying the search of the car which led to the recovery of a gun (*see, People v Hicks,* 68 NY2d 234, 239; *People v Bigelow,* 66 NY2d 417, 423; *People v Carrasquillo,* 54 NY2d 248, 254; *People v Dong Shin,* 192 AD2d 684). S. Miller, J. P., Santucci, Krausman and Luciano, JJ., concur.