THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIE FORD, Appellant. [711 NYS2d 755] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered April 21, 1998, convicting him of attempted criminal possession of a weapon in the third degree, upon his plea of guilty, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The Supreme Court correctly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The determination rested largely upon its assessment of the credibility of the testifying officer and is entitled to great deference (*see, People v Prochilo,* 41 NY2d 759). Since the Supreme Court's conclusion is amply supported by the credible evidence adduced at the suppression hearing, it will not be disturbed (*see, People v Garafolo,* 44 AD2d 86; *see also, People v Pena,* 242 AD2d 545; *People v Wilmot,* 204 AD2d 750; *People v Shin,* 192 AD2d 684). Joy, J. P., Sullivan, Friedmann and H. Miller, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAVIN JOHNSON, Appellant. [711 NYS2d 755] —The defendant appeals from a judgment of the Supreme Court, Kings County (Friedman, J.), rendered February 26, 1996, convicting him of assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the court's charge conveyed the correct principles of law to the jury (*see, People v Ladd,* 89 NY2d 893; *People v Fields,* 87 NY2d 821).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are without merit. Joy, J. P., Friedmann, Krausman and H. Miller, JJ., concur.