■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEWIS BUNCH, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Wood, J.), rendered March 9, 1982, convicting him of robbery in the first degree (six counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of six counts of robbery in the first degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We further find that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress identification testimony. Although the complaining witness may have observed the defendant in the courthouse lobby and in a conference room a short time prior to her identification of the defendant at the felony hearing, the record supports the conclusion that any prior observation of the defendant was purely inadvertent and not the product of deliberate efforts on the part of the police or the prosecution *(People v Batten,* 141 AD2d 746; *People v Maddox,* 139 AD2d 597; *People v Hampton,* 129 AD2d 736). In any event, the record also supports the conclusion that the complainant possessed an independent source upon which to predicate her in-court identification of the defendant *(see, People v Adams,* 53 NY2d 241; *People v Rahming,* 26 NY2d 411). Hence, suppression of the prospective identification testimony was properly denied.

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be without merit. Thompson, J. P., Brown, Rubin and Eiber, JJ., concur.