■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP GUINTA, JR., Appellant.—Judgment unanimously affirmed. Memorandum: There is no merit to the defendant's claim that his statements to the police were involuntarily made. Defendant voluntarily went to police headquarters and willingly submitted to interrogation. He was told initially that he was free to leave. He was not physically abused, mistreated, or coerced in any way. Defendant was advised of his *Miranda* rights on three occasions and each time agreed to waive them. The length of the interrogation, without more, does not render the statements obtained during that period inadmissible *(People v Tarsia,* 50 NY2d 1, 12-13).

Defendant's claim that he was denied effective assistance of counsel lacks merit. Defense counsel's reference to defendant's parole status was a reasonably plausible trial strategy decision *(see, People v Zaborski,* 59 NY2d 863) because it provided some excuse for defendant's attempt to secrete the victim's body and for his failure to notify the police timely.

We have considered defendant's remaining contentions and find them to be without merit. (Appeal from judgment of Jefferson County Court, Clary, J.—murder, second degree.) Present—Dillon, P. J., Green, Lawton, Davis and Lowery, JJ.