■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v RUBEN BRAMBLE, ERIC CASEY, SEAN COLEMAN, AUDLEY FACEY, and RAYMOND ROACH, Respondents. [615 NYS2d 896] —Appeal by the People from an order of the Supreme Court, Kings County (Demarest, J.), dated March 31, 1993, which, *inter alia,* granted those branches of the defendants' respective omnibus motions which were to suppress evidence. The People also appeal from an oral decision of the same court rendered December 2, 1992, which purportedly suppressed physical evidence and line-up identification testimony on the ground that the police did not have probable cause to arrest the defendants.

Ordered that the appeal from the oral decision is dismissed as no appeal lies from a decision, and it is further,

Ordered that the order is affirmed.

This People's appeal arises from the suppression of evidence by the hearing court based on the conclusion that the police did not have probable cause to arrest the defendants. The hearing court also struck the hearing testimony of one of the arresting officers because the People failed to preserve tapes of radio transmissions by that officer relating to the events leading up to the defendants' arrest.

The testimony of three officers who were at the scene of the defendants' arrest on March 6, 1992, established that the arresting officers followed the defendants' vehicle, a Toyota, when they observed that the trunk lock was missing, that the door locks were damaged, and that there was a fork stuck in the steering column where the ignition was located. However, when one of the officers radioed the license number of the Toyota to the central dispatcher, he received notification that the vehicle had not been reported as stolen. Moreover, the evidence indicates that the driver of the Toyota did not commit any traffic violations during the time that the officers followed the vehicle. Nevertheless, the officer requested immediate backup, stopped the Toyota with the help of several other police cars, and arrested the defendants, one of whom attempted to flee. One of the arresting officers never spoke to any of the defendants before arresting them, and the other claims to have requested documentation regarding the ownership of the vehicle, however, he could not recall whom he had asked, and there is conflicting testimony as to which side of the vehicle he first approached.

Contrary to the People's contention, the evidence adduced at the hearing established that while the police officers had reasonable suspicion to stop the defendants, based upon their observations of the vehicle's condition, the defendants' subsequent arrest for possession of a stolen vehicle was not reasonably related in scope and intensity to the circumstances to render the officers' actions permissible *(see, People v Torres,* 74 NY2d 224, 230). When the officers first observed the defendants, they were acting lawfully and the vehicle had not been reported stolen, therefore, the officers did not have probable cause to arrest the defendants before they had determined with more certainty that the defendants were committing, had committed, or were about to commit a crime *(see, People v De Bour,* 40 NY2d 210; *People v Cantor,* 36 NY2d 106, 112-113; *People v Elam,* 179 AD2d 229, 230).

Further, the People's contention that the hearing court abused its discretion by striking the hearing testimony of arresting Officer McMullen is without merit. The People have an obligation to preserve evidence until a request for disclosure is made. Thus where *Rosario* material has been destroyed, despite a timely subpoena, and the defendant is prejudiced by the mistake, the court must impose an appropriate sanction *(see, People v Wallace,* 76 NY2d 953, 955). The People failed to make any effort to preserve audiotapes of the radio transmissions between Officer McMullen and police headquarters, even though the defense counsel had made timely requests for such evidence, and the People were aware that such audiotapes were routinely destroyed by the police department after having been stored for 90 days. The defendants were prejudiced by the loss of this evidence, since it was likely that the audiotapes would have clarified the many ambiguities caused by Officer McMullen's inability to recall the circumstances surrounding the defendants' arrest. Thus, the hearing court did not improvidently exercise its discretion by striking the testimony which was directly related to the destroyed audiotapes *(see, People v Banch,* 80 NY2d 610, 621; *see also, People v Martinez,* 71 NY2d 937). Thompson, J. P., Balletta, Krausman and Florio, JJ., concur. *[See,* 158 Misc 2d 411.]