■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE MIRANDA, Appellant. [624 NYS2d 436] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Appelman, J.), rendered March 26, 1993, convicting him of robbery in the first degree (two counts) and robbery in

the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On April 22, 1992, undercover police officers observed the defendant running towards them. He looked over his shoulders, ducked into a doorway, crouched down, and began rummaging through a wallet. The police officers approached the defendant and asked him for his name. The defendant's name did not match the name on the driver's license that the defendant had discarded. The officers then received a radio transmission of a description of a robbery suspect who had fled in the direction from which the defendant had been running. The defendant was detained for several minutes until a showup identification was completed.

Under the circumstances of this case, the detention of the defendant for the showup identification was reasonable (see, *United States v Sharpe*, 470 US 675; *People v Hicks*, 68 NY2d 234) since the police officers had a reasonable suspicion that the defendant had committed a felony or a misdemeanor (see, CPL 140.50 [1]; *People v De Bour*, 40 NY2d 210, 223).

The defendant's right to be present during the impaneling of the jury was not violated by his absence from a conference in the Judge's robing room during which counsel advised the court of their peremptory challenges and challenges for cause. The actual challenges were exercised in open court before the defendant, and no objections to the challenges were made (see, *People v Velasco*, 77 NY2d 469; *People v Yonamine*, 192 AD2d 687).

Viewing the evidence in the light most favorable to the prosecution (see, *People v Contes*, 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence (see, CPL 470.15 [5]).

In light of the defendant's prior record of convictions, his commission of this crime within two months of his release on parole, and his lack of remorse, there is no basis to reduce the sentence that was imposed (see, *People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Lawrence, J. P., Pizzuto, Joy and Altman, JJ., concur.