■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GIOVANNI LEON, Appellant. [643 NYS2d 262] —Judgment unanimously modified on the law and as modified affirmed and matter remitted to Oneida County Court for sentencing in accordance with the following Memorandum: Defendant was charged with robbery in the third degree (Penal Law § 160.05) and criminal mischief in the fourth degree (Penal Law § 145.00 [1]) for forcibly stealing a cash register from a convenience store in Utica and intentionally damaging it during the course of the robbery. Although the robber wore a ski mask, the clerk recognized defendant, who was a regular customer of the store, by his voice, distinctive walk, and physical characteristics. As defendant left the store with the cash register, the clerk said "Gio, drop the register". Defendant ran off, leaving the register outside.

At trial, in addition to charging the jury on robbery in the third degree, County Court charged the jury on the lesser included offenses of attempted robbery in the third degree and petit larceny. Defendant was convicted of robbery in the third degree and criminal mischief in the fourth degree, as charged in the indictment.

Defendant contends that the court's instructions on the "taking" element of the crime of robbery in the third degree imposed a higher standard of proof than required by law and that, under the law as charged, the evidence adduced at trial is insufficient to support defendant's conviction of robbery in the third degree. We agree.

The crime of robbery in the third degree consists of a forcible theft of property (Penal Law § 160.05). The court properly

instructed the jury that a person steals property and commits larceny when, with intent to "deprive" another of property or to "appropriate" the same to himself or to a third person, he wrongfully "takes" or "withholds" such property from an owner thereof (Penal Law § 155.05 [1]). The court then defined the terms "appropriate" and "deprive", in accordance with their statutory definitions (see, Penal Law § 155.00 [3], [4]), as exercising control over property or withholding property "permanently or for so extended a period or under such circumstances as to acquire the major portion of its economic value or benefit". The Penal Law does not define the term "taking" as it is used in the larceny statutes (see, Penal Law art 155). The court, in its instructions, defined "takes property" as "exercis[ing] control over it permanently or for so extended a period or under such circumstances as to acquire the major portion of its economic value or benefit". The court apparently obtained that definition from the New York Criminal Jury Instructions (2 CJI[NY] PL 160.05, at 898). Neither defendant nor the People objected to the court's instructions. Thus, those instructions constitute the law of the case.

In *People v Olivo* (52 NY2d 309, 318), the Court of Appeals held that the "taking" element of the crime of larceny is satisfied by a showing that the thief exercised dominion and control over the property for a period of time, however temporary, in a manner wholly inconsistent with the owner's continued rights (*see, People v Jennings*, 69 NY2d 103, 118). The recently revised New York Criminal Jury Instructions now defines a wrongful taking of property in accordance with *People v Olivo (supra;* CJI[NY] 2d PL 155.25, at 155-1005—155-1006).

The evidence at trial establishes that defendant exercised dominion or control over the cash register for only a very brief period of time before abandoning it outside the store. Although such temporary exercise of dominion and control over the property would have supported a conviction of robbery in the third degree if the jury had been correctly charged (*see, People v Jennings, supra; People v Olivo, supra*), under the law as charged by the court, the proof is legally insufficient to support the conviction. However, the evidence is legally sufficient to support a conviction of the lesser included offense of attempted robbery in the third degree.

Therefore, we modify the judgment by reducing defendant's conviction of robbery in the third degree to attempted robbery in the third degree (*see,* CPL 470.15 [2] [a]) and vacating the sentence imposed thereon, and we remit the matter to Oneida County Court for sentencing on the lesser included offense.

(Appeal from Judgment of Oneida County Court, Merrell, J.—Robbery, 3rd Degree.) Present—Lawton, J. P., Wesley, Callahan, Balio and Davis, JJ.