■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN H. TOWNDROW, JR., Appellant. (Appeal No. 2.) [654 NYS2d 69] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree, defendant contends that County Court erred in denying his motion to suppress his confession. He contends that his

confession was the product of psychological coercion over a lengthy period of custodial interrogation and that the court erred in crediting the testimony of the police officers. We disagree.

The record supports the court's findings that, although defendant was at the police station for 14 hours before he gave his confession, the confession was knowing, intelligent and voluntary beyond a reasonable doubt. The "length of [an] interrogation, without more, does not render the statements obtained during that period inadmissible" (*People v Guinta*, 162 AD2d 970, *lv denied* 76 NY2d 857). The record establishes that, during that period of time, defendant was repeatedly asked whether he understood his rights, he never asked for an attorney, he was not handcuffed, he left once with officers to locate other possible suspects, he was offered beverages and allowed to smoke and use the restroom, he was not confined to one room and there were several breaks during the interrogation when he was left alone. The fact that defendant gave testimony that conflicted with that of the police officers presented an issue of credibility for the court, which had the opportunity to observe and assess the witnesses. We conclude that there is no basis to disturb its findings crediting the officers' testimony (*see, People v Stokes*, 212 AD2d 986, 987, *lv denied* 86 NY2d 741). Furthermore, there is nothing in the record indicating that "defendant was so intoxicated or fatigued that he was incapable of intelligently waiving his rights or comprehending the meaning of his statement" (*People v Swimley*, 190 AD2d 1070, 1071, *lv denied* 81 NY2d 977).

Upon our review of the record, we conclude that defendant's conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). Lastly, we conclude that defendant's sentence is neither unduly harsh nor severe. (Appeal from Judgment of Onondaga County Court, Burke, J.— Murder, 2nd Degree.) Present—Green, J. P., Pine, Callahan, Balio and Boehm, JJ.