■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD SAFOSCHNIK, Respondent. [656 NYS2d 349] —Appeal by

the People from an order of the Supreme Court, Queens County (Browne, J.), dated May 9, 1996, which granted those branches of the defendant's motion which were to suppress physical evidence and statements made by him to law enforcement authorities.

Ordered that the order is reversed, on the law and the facts, the motion is denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The police observed the defendant driving a van on a public street. The lock on the door on the driver's side of the van was damaged. A computer check revealed that the license plate had been issued to a vehicle with a different type of suspension than that of the defendant's vehicle. Based upon that information, the police stopped the van.

The defendant had no expectation of privacy with respect to the license plates on a van he was driving on a public street (*see, People v Alberti*, 111 AD2d 860). The computer check of the license plate and the fact that the lock on the door on the driver's side was damaged, provided the police with reasonable suspicion sufficient to stop the vehicle (*see, People v Bramble*, 207 AD2d 407; *People v Lassiter*, 161 AD2d 605), which thereafter ripened into probable cause to arrest the defendant when the police ascertained that the vehicle identification number had been altered and the vehicle was stolen. Altman, J. P., Friedmann, Goldstein and Luciano, JJ., concur.