OPINION OF THE COURT
Patricia D. Marks, J.
This is decision on appeal from a judgment of Rochester City Court, Honorable Marjorie L. Byrnes, convicting defendants after jury trial of criminal trespass in the third degree and sentencing defendant Warren to 90 days’ incarceration and defendant Powley to 30 days’ incarceration. Defendants filed a timely notice of appeal and applied to this court for a stay of *865 sentence pending determination of the appeal. The court granted the stay with respect to both defendants.
The pertinent facts of this case are as follows:
On May 8, 1996 at 11:30 a.m. the defendants were present on the premises of Genesee Hospital and were handing out literature. Defendant Warren was distributing literature in the doctors’ office building adjacent to the main hospital building. Defendant Powley was on a patients’ wing on the fifth floor of the main hospital. Both defendants were leaving the building when confronted by security guards who asked that they remain and go to an area of the hospital with others who had been distributing literature.
The written policy of the hospital for distribution of literature required administrative authorization to do so. Both defendants acknowledged to security personnel that they were distributing literature and that they did not have authorization.
At that time the hospital was an enclosed building and generally open to the public. Although the hospital grounds were fenced, pedestrian walkways were in place to allow open access to the building entrances.
Security was available at the building and access to some areas of the hospital was limited to those members of the public with legitimate business. The locations where the defendants were observed were not limited access areas requiring the use of a key or security card. The existence of intruders was generally monitored by patrol, radio transmission, and cameras.
Defendants had been previously advised in 1994 that their presence in the building to distribute literature was unauthorized and at that time they were read a trespass warning advising them that they would be arrested if found on the property without permission.
At trial, defense counsel moved for a trial order of dismissal based on the legal insufficiency of proof at trial. The trial court denied the motion.
The sole question for this court on appeal is whether or not the facts of this case constitute legally sufficient evidence of the elements of the crime of criminal trespass in the third degree. The issue was preserved for appellate review in that defendants moved for a trial order of dismissal preserving their specific challenge to the statute and the factual sufficiency of the case (CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]).
The law provides as follows:
*866 "A person is guilty of the crime of criminal trespass in the third degree when he knowingly enters or remains unlawfully in a building or upon real property:
"(a) which is fenced or otherwise enclosed in a manner designed to exclude intruders” (Penal Law § 140.10 [a]).
The record supports the jury’s conclusion that the defendants entered or remained in the building. The question of the "unlawful entry or remaining” was resolved by the jury based upon the facts presented and this court will not disturb that finding as it is supported by legally sufficient evidence and is not contrary to the weight of the evidence (see, People v Bleakley, 69 NY2d 490 [1987]).
However, the issue regarding the building and its modifying elements is less clear. The questions thus presented are:
Does the law require proof that the building was any building or must it be a building which is "fenced or otherwise enclosed in a manner to exclude intruders?”
If the law does so require, are the facts in this case legally sufficient to support a conviction of criminal trespass in the third degree in that the building was "fenced or otherwise enclosed in a manner to exclude intruders?”
This decision rests upon sound principles of statutory construction and the plain language and structure of the statute (McKinney’s Cons Law of NY, Book 1, Statutes § 271 [a], [c]). The language modifying the term "building” can be traced in the legislative history of the statute which indicates that on several occasions the Legislature has amended this statute and provided the modifying language in the criminal trespass statute (Penal Law § 140.10, as amended by L 1979, ch 698; L 1983, ch 813; L 1987, ch 192; L 1992, ch 434). A plain reading of the statute itself and a comparison of the statute to the simple trespass statute compels the conclusion that the Legislature intended that an entrance into a certain type of building would constitute a criminal trespass and an entrance into a premises and/or building not specified in the statute would be a mere violation (Penal Law §§ 140.05, 140.10). If the subdivisions of the statute were not intended to modify both building and real property, an intrusion into any building would satisfy the elements of the crime and therefore the amendments by the Legislature including the terms qualifying the term "building” would have been unnecessary (Penal Law § 140.10 [a]-[f]).
The charge to the jury in this case is specific as to the requirement that the term "building” under this subdivision is *867 modified by the terms "which was fenced or otherwise enclosed in a manner to exclude intruders” (see, CJI[NY]2d PL 140.15, at 140-1009). The court concludes after a review of the record that the hospital in question was not "fenced or otherwise enclosed in a manner designed to exclude intruders” (Penal Law § 140.10 [a]). The evidence at trial was therefore legally insufficient to support the conviction of criminal trespass in the third degree.
Even if this court were to conclude that the term "building” applies to any building and thus the evidence was legally sufficient, the conviction would have to be reversed based on the law as charged by the trial court which charge included the complete definition (see, People v Leon, 227 AD2d 925 [4th Dept 1996]).
The court does find, however, that the evidence was legally sufficient as to both defendants to support a conviction of the violation of trespass (Penal Law § 140.05).
Accordingly, the judgment is modified with respect to both defendants from a conviction of a misdemeanor of criminal trespass in the third degree to a conviction of the violation of trespass and as modified is affirmed. The matter is remitted to the trial court for resentencing in accordance with this decision.