■ The People of the State of New York, Respondent, v Thomas McFadden, Appellant. [665 NYS2d 985] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendants were convicted of robbery in the first degree (Penal Law § 160.15 [4]) following a joint trial on a joint indictment. We agree with defendants that County Court erred in denying their challenge for cause to a prospective juror. Contrary to the People's contention, the issue is adequately preserved for our review (*see,* CPL 470.05 [2]). The prospective juror indicated during voir dire that a relative had recently been the victim of an assault during a shoplifting incident at the workplace. Upon our review of the statements of the prospective juror, we conclude that she at no time expressed unequivocally that she could render a fair and impartial verdict based solely on the evidence (*see, People v Blyden,* 55 NY2d 73, 77-78; *People v Sumpter,* 237 AD2d 389, *lv denied* 90 NY2d 864). Reversal is required because both defense counsel exhausted their peremptory challenges, including the one used to excuse this particular juror, and the court denied their

request for more peremptory challenges (*see,* CPL 270.20 [2]; *People v Sumpter, supra*).

The court properly denied defendants' motions to suppress money and other property found on defendants after their arrests and properly denied defendant McFadden's motion to suppress statements. Following the robbery, a broadcast over the police radio described the getaway car as a blue or green Chevy Celebrity bearing a license plate number of either YBL 174 or Y8L 174, containing two black males. Police officers on patrol had reasonable suspicion to stop and forcibly detain a vehicle matching that description and located in proximity to the scene of the crime (*see, People v De Bour,* 40 NY2d 210, 223). Further, the flight of defendant Gaston on foot when the police officer was attempting to detain him for the purpose of transporting him for a showup contributed to the " 'existence of facts and circumstances which, viewed together, would lead a reasonable person possessing the same expertise as the arresting officer to conclude that an offense has been or is being committed' and that the person arrested was the perpetrator thereof" (*People v Dawkins,* 163 AD2d 322, 324, quoting *People v White,* 117 AD2d 127, 131, *lv denied* 68 NY2d 818; *see also, People v Elmore,* 236 AD2d 851, *lv denied* 89 NY2d 1034).

The court did not abuse its discretion in admitting into evidence the box of .380 caliber ammunition found in defendant McFadden's apartment (*see, People v Scarola,* 71 NY2d 769, 777; *People v Davis,* 43 NY2d 17, 27, *cert denied* 435 US 998, *rearg dismissed* 61 NY2d 670).

With respect to the separate challenges of defendant McFadden, the court properly determined that McFadden's friend gave her consent to the police entry into their shared apartment and to the seizure of a jacket found there in plain view (*see, People v Prochilo,* 41 NY2d 759, 761). Further, the subsequent search warrant was based upon probable cause, and the court therefore properly denied suppression of the lottery tickets and ammunition found in McFadden's apartment upon the execution of the warrant (*see, People v Harris,* 62 NY2d 706, 708). In addition, McFadden challenged only the facial sufficiency of the search warrant application, and the court properly determined that no hearing was necessary on the application (*see, People v Dunn,* 155 AD2d 75, 80, *affd* 77 NY2d 19, *cert denied* 501 US 1219). Defendant McFadden failed to preserve for our review his contention that the court erred in denying his motion for a mistrial based on allegedly improper cross-examination (*see,* CPL 470.05 [2]), and we decline to exercise our power to review the issue as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]).

The challenge of defendant Gaston to the make-up of the entire jury panel was properly denied without a hearing. He failed to make a prima facie showing that a segment of the community was systematically excluded in the jury selection process (*see,* CPL 270.10 [1]; *People v Guzman,* 60 NY2d 403, 410-411, *cert denied* 466 US 951). (Appeal from Judgment of Monroe County Court, Maloy, J.—Robbery, 1st Degree.) Present—Denman, P. J., Green, Hayes, Balio and Fallon, JJ.