■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWNDELL M. EVERSON, Appellant. (Appeal No. 1.) [694 NYS2d 252] —Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed in accordance with the following Memorandum: County Court properly denied defendant's motion to suppress statements and physical evidence. The police were justified in stopping the vehicle in which defendant was a passenger based upon a reasonable suspicion that it was the vehicle used by the perpetrators of the robbery (*see, People v Bernier*, 245 AD2d 137, *lv denied* 91 NY2d 940; *People v McFadden*, 244 AD2d 887, 888). The brief detention of defendant for a showup identification was reasonable (*see, People v Miranda*, 213 AD2d 560, 561, *lv denied* 85 NY2d 977). Following the showup, the police had probable cause to arrest defendant (*see, People v Quarles*, 187 AD2d 200, 203, *lv denied* 81 NY2d 1018). The People established that the statements obtained at the Criminal Investigation Division were preceded by the knowing, intelligent and voluntary waiver by defendant of his *Miranda* rights (*see, People v Towndrow*, 236 AD2d 821, 822, *lv denied* 89 NY2d 1016). Further, the statements were not rendered involuntary by the length of the interrogation (*see, People v Towndrow, supra*, at 822) or the interrogating officer's false assertion that a witness had identified defendant at the scene (*see, People v Foster*, 193 AD2d 692, *lv denied* 82 NY2d 717). Nor did the delay in arraignment warrant suppression of the statements (*see, People v Marinelli*, 238 AD2d 525, 526). Contrary to defendant's contention, the court properly conducted a hearing on the suppression motion because the People did not concede the truth of the factual allegations supporting the motion (*see*, CPL 710.60 [2] [a]; *People v Letts*, 156 AD2d 868).

The evidence is sufficient to corroborate defendant's confession (*see*, CPL 60.50), even under the higher standard for corroborative evidence charged to the jury (*see, People v Leon*, 227 AD2d 925). The court properly denied defendant's CPL 330.30 motion to set aside the verdict based upon the alleged failure

of the prosecution to fulfill its obligation to disclose certain *Brady* and *Rosario* information. The information at issue does not constitute *Brady* or *Rosario* material. Nothing in the record contradicts the court's statement that defendant's clothing did not appear to be jail clothing. Thus, we reject the contention that defendant was denied a fair trial because he wore jail clothing (*see, People v Tolliver*, 248 AD2d 988, *lv denied* 91 NY2d 1013). Nor was defendant denied a fair trial by the prosecutor's single improper comment (*see, People v Ellis*, 188 AD2d 1043, *lv denied* 81 NY2d 970). Defendant failed to preserve for our review his contention that the court erred in admitting the identification testimony of a witness (*see*, CPL 470.05 [2]; *People v Phillips*, 246 AD2d 403, *lv denied* 91 NY2d 976), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see*, CPL 470.15 [6] [a]).

The court properly denied the People's motion pursuant to CPL 440.40 to set aside the sentence of 21 years to life imposed upon the count of murder in the second degree. The sentence is not "invalid as a matter of law" (CPL 440.40 [1]). Nevertheless, we agree with both parties that modification of the sentence is warranted because of defendant's youth, lack of prior convictions and limited participation in the commission of the murder. Therefore, we modify the judgment as a matter of discretion in the interest of justice by reducing the sentence imposed upon the count of murder in the second degree to an indeterminate term of incarceration of 15 years to life (*see*, CPL 470.15 [6] [b]). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Murder, 2nd Degree.) Present—Green, J. P., Lawton, Pigott, Jr., Callahan and Balio, JJ.