■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JOSE LEON, Respondent. [695 NYS2d 124] —Appeal by the People from an order of the Supreme Court, Queens County (Browne, J.), dated June 22, 1998, which granted those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities.

Ordered that the order is reversed, on the law and the facts, those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement authorities are denied, and the matter is remitted to the Supreme Court, Queens County, for further proceedings on the indictment.

The hearing court failed to make findings of fact or conclusions of law sufficient for informed appellate review (*see,* CPL 710.60 [6]; *People v Bonilla,* 82 NY2d 825). Since the complete hearing record is before us, we have made our own findings of fact and conclusions of law (*see, People v Jones,* 247 AD2d 272; *People v Morgan,* 226 AD2d 398).

The arresting officer testified that he observed a metal plate over the trunk lock of the vehicle driven by the defendant, which indicated to him that the vehicle might have been stolen. He then checked the vehicle's license plate number on his computer and learned that the number was assigned to a 1990 vehicle. The vehicle driven by the defendant appeared to be a "much newer" model than 1990. The officer therefore had the requisite reasonable suspicion of criminal activity to justify the initial stop of the defendant's vehicle (*see, People v Sobotker,* 43

NY2d 559, 563-564; *People v Safoschnik,* 238 AD2d 448; *cf., People v May,* 81 NY2d 725). Upon stopping the vehicle, the officer observed that the public vehicle identification number was missing from the vehicle. These circumstances provided probable cause to arrest the defendant (*see, People v Safoschnik, supra*). Accordingly, the court should not have suppressed the statement made by the defendant to the police as the fruit of an illegal arrest.

There is no merit to the defendant's contention that his statement should have been suppressed because he was not advised of his *Miranda* rights (*see, Miranda v Arizona,* 384 US 436) prior to making the statement. The evidence established that the statement was spontaneous and was not the product of police interrogation or its functional equivalent (*see, People v Rivers,* 56 NY2d 476, 479; *People v Morgan, supra*).

We agree with the People that the hearing court violated the doctrine of the law of the case in holding a *Mapp* hearing (*see, Mapp v Ohio,* 367 US 643) after another Justice of coordinate jurisdiction denied the defendant's request for a hearing (*see, People v Guin,* 243 AD2d 649). Assuming that the evidence adduced at the hearing constituted extraordinary circumstances warranting reconsideration (*see, People v Cabreja,* 243 AD2d 387; *People v Delgado,* 225 AD2d 478), it was error to suppress the physical evidence obtained upon the defendant's arrest, as the evidence established that his arrest was lawful. Bracken, J. P., O'Brien, Santucci and Goldstein, JJ., concur.