■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEENAN JOHNSON, Appellant. [695 NYS2d 464] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him following a jury trial of murder in the second degree (Penal Law § 125.25 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). We reject the contention of defendant that he was denied effective assistance of counsel. Although defense counsel failed to move to withdraw defendant's prior guilty plea, evidence of defendant's conduct underlying the crimes to which defendant pleaded guilty, i.e., that defendant had forged checks drawn on the account of the victim, would have been admissible as evidence of prior uncharged crimes in any event, because it was relevant on the issue of motive (*see, People v Ventimiglia,* 52 NY2d 350, 359). In addition, defense counsel's failure to make a pretrial motion to dismiss the indictment pursuant to CPL 30.20 is not tantamount to ineffective assistance. In any event, County Court properly denied defendant's CPL 30.20 motion made following trial because defendant had failed to demonstrate prejudice resulting from the 31-month period of preindictment delay (*see, People v Quiroz,* 192 AD2d 730, *lv denied* 81 NY2d 1078). "[T]he evidence, the law, and the circumstances of [this] case, viewed in totality and as of the time of the representation," establish that defendant received effective assistance of counsel (*People v Baldi,* 54 NY2d 137, 147).

Defendant's motion to suppress statements made to police

officers was properly denied. Defendant was given *Miranda* warnings, waived his rights, and agreed to speak to officers. He was provided with food and beverages, and was allowed to use the restroom and smoke cigarettes. There were several breaks in the interrogation (*see, People v Towndrow,* 236 AD2d 821, 822, *lv denied* 89 NY2d 1016). The length of the interrogation, approximately 13 hours, is not, in itself, determinative of the voluntariness of the statements (*see, People v Guinta,* 162 AD2d 970, *lv denied* 76 NY2d 857).

Assuming, arguendo, that the court erred in denying defendant's challenge for cause with respect to several jurors, we conclude that the error does not require reversal because the court offered defendant additional peremptory challenges, the last of which defendant declined (*see,* CPL 270.20 [2]; *cf., People v McFadden,* 244 AD2d 887, 887-888). The conviction is supported by legally sufficient evidence and is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). We have examined defendant's remaining contentions and conclude that they lack merit. (Appeal from Judgment of Onondaga County Court, Burke, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Hayes, Pigott, Jr., Hurlbutt and Scudder, JJ.