■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CHARLES THOMPSON, Respondent. [703 NYS2d 426] —Order unanimously reversed on the law, motion denied in part, indictment reinstated and matter remitted to Supreme Court for further proceedings on the indictment. Memorandum: Supreme Court erred in granting those parts of defendant's motion seeking suppression of identification evidence and statements to the police and dismissal of the indictment. The identification of defendant by complainant was not tainted by his observation of defendant at the courthouse six weeks after the crime. That observation was "purely inadvertent and not the product of deliberate efforts on the part of the' police or the prosecution" (*People v Bunch,* 143 AD2d 838). Further, even if complainant's view of defendant's photograph in the Assistant District Attorney's office and at the Grand Jury was impermissibly suggestive, the People demonstrated that complainant had an independent source for his in-court identification of defendant (*see, People v Santos,* 202 AD2d 258, 259, *lv denied* 83 NY2d 1007; *People v Thomas,* 188 AD2d 569, 572, *lv denied* 81 NY2d 1021).

The stop of defendant and the transportation of defendant to the crime scene for a showup identification by a witness was supported by reasonable suspicion that defendant was the perpetrator of the burglary and robbery earlier that day (*see, People v Hicks,* 68 NY2d 234, 242; *People v Miranda,* 213 AD2d 560, *lv denied* 85 NY2d 977). Defendant's responses to the officer's questions at the time of the stop are not subject to suppression on the ground that defendant was not provided *Miranda* warnings (*see, People v Bennett,* 70 NY2d 891, 894). The showup, conducted a short time after the 911 call reporting that the perpetrator of those crimes had returned to the crime scene, was not impermissibly suggestive (*see, People v La Mountain,* 249 AD2d 584, 586, *lv denied* 92 NY2d 855). Following that showup, the police had probable cause to arrest defendant (*see, People v Everson,* 262 AD2d 1059; *People v Quarles,* 187 AD2d 200, 203, *lv denied* 81 NY2d 1018). Thus, defendant's statements to the officer in the patrol car were not the product of an illegal arrest. (Appeal from Order of Supreme Court, Erie County, Tills, J.—Suppression.) Present—Green, A. P. J., Hayes, Pigott, Jr., and Scudder, JJ.