THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS McFADDEN, Appellant. [735 NYS2d 280] —Judgment unanimously affirmed. Memorandum: Defendant appeals from a judgment convicting him of robbery in the first degree (Penal Law § 160.15 [2]) following the reversal of his prior judgment of conviction and a retrial (*People v McFadden,* 244 AD2d 887). Defendant contends that, prior to the first trial, County Court erred in denying his motions to suppress evidence found on him after his arrest, his statements to police, and evidence seized from his apartment. Our prior determination concerning those motions (*see, People v McFadden, supra,* at 888), however, is the law of the case (*see, People v Williams,* 188 AD2d 573, 573-574, *lv denied* 81 NY2d 894).

We reject defendant's further contention that the court abused its discretion in admitting in evidence a box of .380 caliber ammunition found in defendant's apartment. Although the law of the case doctrine is not applicable to this evidentiary ruling (*see, People v Evans,* 94 NY2d 499, 504, *rearg denied* 96 NY2d 755), the factual predicate for the admission of that evidence at the retrial was the same as the factual predicate at the first trial (*see, People v McFadden, supra,* at 888), and thus we reach the same conclusion with respect to the admission of that evidence.

We also reject defendant's contention that a portion of the 911 tape containing a recording of initial broadcasts by police was admissible as the present sense impressions or excited ut-

terances of the witnesses who spoke to police (*cf., People v Brown*, 80 NY2d 729). In any event, any alleged error is harmless because the jury was aware of the discrepancies in the description of the two men who committed the robbery.

We conclude that defendant waived his contention that the court erred in failing to rule on his *Wade* motion prior to the first trial (*see, People v Gaston*, 278 AD2d 932, *lv denied* 96 NY2d 783). Defendant's contention that the court erred in admitting testimony concerning the show-up procedure is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). We reject the additional contention of defendant that the court abused its discretion in denying his request for an expanded identification charge (*see, People v Love*, 244 AD2d 431, *lv denied* 91 NY2d 876). Finally, the contention of defendant that he received ineffective assistance of counsel is not reviewable on this appeal because it rests on facts outside the record (*see, People v Washington*, 282 AD2d 375, 377; *People v Yancy*, 189 AD2d 793, 793-794). (Appeal from Judgment of Monroe County Court, Dattilo, Jr., J.—Robbery, 1st Degree.) Present—Pine, J. P., Wisner, Kehoe, Gorski and Lawton, JJ.