In the Matter of Lawrence K., Appellant. Oneida County Attorney, Respondent. [778 NYS2d 393]—

Appeal from an order of the Family Court, Oneida County (John E. Flemma, J.H.O.), entered April 2, 2003 in a proceeding pursuant to Family Ct Act article 3. The order adjudged that respondent is a juvenile delinquent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the petition is dismissed.

Memorandum: Respondent appeals from an order adjudicating him a juvenile delinquent based on the finding that he committed an act that, if committed by an adult, would constitute the crime of criminal trespass in the third degree (Penal Law § 140.10). We agree with respondent that the evidence is legally insufficient with respect to that crime (*see generally People v*

*Bleakley,* 69 NY2d 490, 495 [1987]). Contrary to Family Court's determination, Penal Law § 140.10 (a) requires that the building at issue be "fenced or otherwise enclosed in a manner designed to exclude intruders" (*see People v Santos,* 182 Misc 2d 764, 767-768 [1999]; *see also People v Warren,* 173 Misc 2d 864, 866 [1997], *lv denied* 90 NY2d 944 [1997]). Here, petitioner failed to present evidence establishing that the building at issue was so enclosed, and thus we reverse the order and dismiss the petition. Present—Wisner, J.P., Hurlbutt, Gorski, Martoche and Hayes, JJ.