■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH VILLANE, Appellant. [793 NYS2d 90]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated September 29, 2003, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Richmond County, for a hearing in accordance herewith and a new determination based upon findings of fact and conclusions of law.

In evaluating the defendant for registration as a sex offender, the New York State Board of Examiners of Sex Offenders (hereinafter the board) recommended an upward modification from their own guidelines from level two to level three on the grounds that the defendant committed a federal sex offense while on

probation for endangering the welfare of a child, failed to acknowledge sexual contact with the child, and failed to complete sex offender counseling to address his behavior.

During colloquy before the Supreme Court on September 29, 2003, the defense counsel argued that the defendant had been undergoing therapy since April 2003 "with a doctor approved by Federal Probation," which was sufficient to meet the requirement that he attend sex offender counseling. The defense counsel further noted that the board assessed the defendant points for a history of drug abuse dating back 14 years and failed to consider that the defendant had been drug free for many years. The Supreme Court designated the defendant a level three sex offender "[b]ased upon all the facts and circumstances."

In this proceeding pursuant to Correction Law article 6-C, the State bore the "burden of proving the facts supporting the determinations sought by clear and convincing evidence" and the court was required to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]; *see People v Dong V. Dao*, 9 AD3d 401 [2004], *lv denied* 3 NY3d 609 [2004]). The Supreme Court failed to set forth its findings of fact and conclusions of law in support of its determination.

This Court may make its own findings of fact and conclusions of law if the record is sufficient to do so (*see People v Leon*, 264 AD2d 784 [1999]). In the instant case, the record is insufficient to do so. The record contains no information as to if and when the defendant was required to successfully complete sex offender counseling. Therefore, it cannot be determined whether the defendant violated that requirement. Further, it appears that the Supreme Court did not consider the defendant's assertion that he had been drug free for many years. Whether this contention has any validity cannot be determined on this record.

Accordingly, the matter must be remitted to the Supreme Court, Richmond County, for a hearing on whether the defendant violated a requirement that he complete sex offender counseling and whether he has remained drug-free, and if so, for how long a period of time. Once the Supreme Court has ascertained the facts, it must render a new determination based upon findings of fact and conclusions of law.

The defendant's remaining contentions either are unpreserved for appellate review or without merit. Adams, J.P., Santucci, Goldstein and Lifson, JJ., concur.