■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SCOTT GALLIGAN, Appellant. [824 NYS2d 914]—

Appeal by the defendant from an order of the Supreme Court, Suffolk County (Mullen, J.), dated February 23, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]) in which she moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Arza Feldman is relieved as the attorney for the defendant and is directed to turn over all papers in her possession to new counsel assigned herein; and it is further,

Ordered that Mark Diamond, Box 287356, Yorkville Station, New York, N.Y., 10128 is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to the new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120

days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute the appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon this Court's independent review of the record, we conclude that potentially nonfrivolous issues exist with respect to, inter alia, whether the People met their initial burden of proving the facts supporting the determinations sought by clear and convincing evidence and whether the defendant's abstinence from drugs and alcohol and his otherwise exemplary life for the past 10 years constituted convincing evidence of a special mitigating circumstance warranting a departure from the presumptive risk level (*see People v Hegazy,* 25 AD3d 675 [2006]; *People v Abdullah,* 31 AD3d 515 [2006]; *People v Villane,* 17 AD3d 336, 337 [2005]). Accordingly, assignment of new counsel is warranted (*see People v Stokes,* 95 NY2d 633 [2001]; *People v Casiano,* 67 NY2d 906 [1986]; *People v Gonzalez,* 47 NY2d 606 [1979]). Schmidt, J.P., Ritter, Lunn and Covello, JJ., concur.