■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MERCADO, Appellant. [840 NYS2d 873]—Appeal by the defendant from an order of the Supreme Court, Kings County (Mangano, Jr., J.), dated April 12, 2005, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C. Assigned counsel has submitted a brief in accordance with *Anders v California* (386 US 738 [1967]), in which he moves to be relieved of the assignment to prosecute this appeal.

Ordered that the motion is granted, and Guy Raimondi is relieved as the attorney for the defendant and is directed to turn over all papers in his possession to new counsel assigned herein; and it is further,

Ordered that Steven A. Feldman, 626 EAB Plaza, West Tower—6th Floor, Uniondale, N.Y., 11556, is assigned as counsel to perfect the appeal; and it is further,

Ordered that the People are directed to furnish a copy of the stenographic minutes to new assigned counsel; and it is further,

Ordered that new counsel shall serve and file a brief on behalf of the defendant within 90 days of the date of this decision and order and the People shall serve and file their brief within 120 days of the date of this decision and order; by prior decision and order on motion of this Court, the defendant was granted leave to prosecute this appeal on the original papers (including the typewritten stenographic minutes) and on the typewritten briefs of the parties, who were directed to file nine copies of their respective briefs and to serve one copy on each other.

Upon the Court's independent review of the record, we conclude that potentially nonfrivolous issues exist with respect to, inter alia, whether the People met their initial burden of proving the facts supporting the determinations sought by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Galligan,* 35 AD3d 691 [2006]; *People v Hegazy,* 25 AD3d 675 [2006]), whether the court set forth findings of fact and conclusions of law sufficient for appellate review (*see* Correction Law § 168-n [3]; *People v Villane,* 17 AD3d 336 [2005]), and whether the defendant was properly assessed 30 points for having committed an offense against a victim under the age of 11. Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.