The defendant's valid waiver of his right to appeal forecloses appellate review of the denial of that branch of his motion which was to dismiss the charge against him in furtherance of justice, in effect, pursuant to CPL 210.40 (*see People v Cortes*, 44 AD3d 538 [2007]).

The defendant's remaining contentions are also barred by the defendant's valid waiver of his right to appeal. Angiolillo, J.P., Dickerson, Lott and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES BLUE, Appellant. [934 NYS2d 350]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US 738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCHILLE BURGOS, Appellant. [934 NYS2d 349]—

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see Anders v California*, 386 US

738 [1967]; *People v Paige*, 54 AD2d 631 [1976]; *cf. People v Gonzalez*, 47 NY2d 606 [1979]). Dillon, J.P., Dickerson, Leventhal, Austin and Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYREL CASON, Appellant. [934 NYS2d 335]—

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Bowles*, 89 AD3d 171 [2d Dept 2011]). Under the New York State standard for the effective assistance of counsel, "[s]o long as the evidence, the law, and the circumstances of a particular case, viewed in totality and as of the time of the representation, reveal that the attorney provided meaningful representation, the constitutional requirement will have been met" (*People v Baldi*, 54 NY2d 137, 147 [1981]; *see People v Bernardez*, 85 AD3d 936, 937 [2011], *lv denied* 17 NY3d 857 [2011]). Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel. Upon reviewing the record here, we find that counsel provided meaningful representation insofar as he employed "a trial strategy that might well have been pursued by a reasonably competent attorney" (*People v Evans*, 16 NY3d 571, 575 [2011] [internal quotation marks omitted], *cert denied* 565 US —, 132 S Ct 325 [2011]; *see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d at 147; *People v Gerrara*, 88 AD3d 811 [2011]). Further, the defendant was not deprived of the effective assistance of counsel under the Federal Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The sentence imposed was not excessive (*see People v Delgado*, 80 NY2d 780, 783 [1992]; *People v Mulleavey*, 50 AD3d 826, 827 [2008]; *People v Miranda*, 213 AD2d 560, 561 [1995]; *People v Suitte*, 90 AD2d 80 [1982]). Dillon, J.P., Eng, Belen and Austin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GUY CLARKE, Appellant. [934 NYS2d 239]—