People v Brooks (2018 NY Slip Op 02088)





People v Brooks


2018 NY Slip Op 02088


Decided on March 23, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


369 KA 16-00951

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TIMOTHY R. BROOKS, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER, KELLOGG, HANSEN, TODD, FIGEL & FREDERICK, P.L.L.C., WASHINGTON, D.C. (HILARY P. GERZHOY OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered April 18, 2016. The judgment convicted defendant, upon a jury verdict, of attempted robbery in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of attempted robbery in the third degree (Penal Law §§ 110.00, 160.05). We reject defendant's contention that Supreme Court erred in charging the jury on attempted robbery in the third degree as a lesser included offense of robbery in the third degree. "A lesser [included] offense must be submitted to the jury if (1) it is actually a lesser included offense of the greater charge, and (2) the jury is warranted in finding that the defendant committed the lesser but not the greater crime' . . . , i.e., there is a reasonable view of the evidence' to support such a finding" (People v Cabassa, 79 NY2d 722, 728-729 [1992], cert denied sub nom. Lind v New York, 506 US 1011 [1992], quoting People v Glover, 57 NY2d 61, 64 [1982]; see CPL 300.50 [1]). Contrary to defendant's contention, there is a reasonable view of the trial evidence, which included testimony and surveillance footage of the incident, to support a finding by the jury that defendant attempted to steal property forcibly from a loss prevention officer at a Tops Market, but did not succeed in doing so (see generally People v Leon, 227 AD2d 925, 926 [4th Dept 1996]).
We reject defendant's further contention that the court erred in denying his challenge for cause to a prospective juror. "CPL 270.20 (1) (b) provides that a party may challenge a potential juror for cause if the juror has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial' " (People v Harris, 19 NY3d 679, 685 [2012]). Here, "nothing that [the prospective juror] said raised a serious doubt as to her ability to render an impartial verdict" (People v Fowler-Graham, 124 AD3d 1403, 1403 [4th Dept 2015], lv denied 25 NY3d 1072 [2015]; see People v DeFreitas, 116 AD3d 1078, 1079-1080 [3d Dept 2014], lv denied 24 NY3d 960 [2014]).
Entered: March 23, 2018
Mark W. Bennett
Clerk of the Court